U.S. DISRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

RECEIVED

MAY - 7 2026

CLERK U.S. DISTRICT COURT
RICHMOND, VA.

NANCYROSE S. JOHNSON,

Plaintiff,


V,


GRTC TRANSIT SYSTEM,

Defendant,


Case No.: ___3:26CV398___


COMPLAINT FOR DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE,
FMLA INTERFERENCE, AND RETALIATION


1.      Plaintiff brings this civil action against Defendant GRTC Transit System

for violations of the **Disability Discrimination Americans with Disabilities Act,**

**Failure to Accommodate (ADA),42 U.S.C. section 121122** and the **Family and**

**Medical Leave Act (FMLA) Interference and Retaliation, 29 U.S.C. section**

**2615.**


2.  Plaintiff alleges that Defendant discriminated against her because of her

temporary disability, failed to provide reasonable accommodations, interfered with

her right to protected medical leave and was retaliated against for engaging in

protected activities.

3. As a result of Defendant's unlawful actions, Plaintiff suffered financial loss, emotional distress, and other damages for which she seeks relief from this Court.

## PARTIES

1. Plaintiff Nancyrose Johnson is an individual residing in Richmond, Virginia, and at all relevant times were employed by the GRTC Transit System for cleaning. **Defendant GRTC Transit System** is a public transportation agency headquartered in Richmond, Virginia, was the Plaintiff's employer at all relevant times.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under **28 U.S.C. section 1331** because Plaintiff brings claims under the **Americans with Disabilities Act (ADA)** and the **Family and Medical Leave Act (FMLA).**

2. Venue is proper in the **Eastern District of Virginia Division** under **28 U.S.C. section 139(b)** because the events giving rise to these claims occurred in Richmond, Virginia, here Defendant conducts business and where Plaintiff was employed.

## STATEMENT OF FACTS

1.    Plaintiff, Nancyrose Johnson, was hired by GRTC Transit System on February 27, 2023.

2.    Plaintiff worked for GRTC as a Bus Cleaner.

3.    On or about November 3, 2025, Plaintiff experienced a medical condition requiring treatment and work restrictions.

4.    On November 4, 2025, Plaintiff notified GRTC of her knee condition and the need for medical leave and work restrictions.

5.    Plaintiff subsequently provided GRTC with medical documentation supporting her need for leave and restricted duty.

6.    On January 2, 2026, Plaintiff submitted a doctor's note placing her on light-duty restrictions following knee surgery.

7.    GRTC informed Plaintiff that it only provided light-duty assignments for workers' compensation cases and refused to accommodate her post-surgical restrictions.

8.    GRTC instructed Plaintiff to obtain a doctor's note releasing her to full duty, despite her ongoing medical limitations following knee surgery.

9.    On January 9, 2026, GRTC notified Plaintiff that she had approximately four hours of FMLA leaves remain.

10.    Plaintiff remained under medical care and was unable to return to full duty due to her Knee surgery and recovery.

11.    In January 2026, Plaintiff met with Angela Mallory, Head of Human Resources, to discuss her medical condition and possible alternative position.

12. During this meeting, Plaintiff asked whether she could apply for another position that she could perform despite her medical restrictions.

13. Ms. Mallory told Plaintiff that she could not apply for another position because, according to the most recent board meeting, GRTC was considering laying off employees.

14. Plaintiff was not offered any reasonable accommodation, reassignment , or interactive-process discussion, despite her request and her documented medical limitations.

15. Plaintiff did not voluntarily resign her position.

16. January 29, 2026, GRTC issued a termination letter stating that Plaintiff was considered to have "voluntarily terminated" due to exhaustion of FMLA leave and lack of a return-to-work date.

17. Plaintiff's termination occurred while she was still recovering from knee surgery and medically unable to return to full duty.

18. As a result of Defendant's actions, Plaintiff suffered loss of income, loss of benefits, emotional distress, and other damages.

## DAMAGES

1. As a result of Defendant's actions, Plaintiff suffered loss of income, loss of benefits, emotional distress, and other damages.

## CAUSE OF ACTION

Count1 – Disability Discrimination (ADA)

Americans with Disabilities Act of 1990, 42 U.S.C. section 12112 (a)

Count 11 – Failure to Accommodate (ADA)

Americans with Disabilities Act, 42 U.S.C. section 12112(b)(5) (A

Defendant violated 42 U.S.A. section 12112(b)(5)(A) by failing to provide reasonable accommodations and by refusing to engage in the interactive process.

Count 111 – Retaliation        Count 111 – Retaliation (ADA)

Family and Medical Leave Act, 29 U.S.C. section 2615(a)(1) by interfering with Plaintiff's exercise of her rights under the FMLA

Family and Medical Leave Act, 29 U.S.C. section (a)(2) by retaliating against Plaintiff for taking protected medical leave. (ADA)

Family and Medical Leave Act, 29 U.S.C. section 2615(a)(1) by interfering with Plaintiff's exercise of her rights under the FMLA.

Family and Medical Leave Act, 29 U.S.C. section (a)(2) by retaliating against Plaintiff for taking protected medical leave.

## JURY DEMAND

"Plaintiff demands a trial by jury on all issues so triable.

Nancyrose Johnson
P.O.Box 12305
804-234-6015
Jnancyrose@yahoo.com
Plaintiff, Pro Se

Dated: May 7, 2026

Nancyrose S. Johnson